UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAWNDELL EVERSON,

        Petitioner,

v.

                                                     9:20-CV-0084
                                                   (DNH/CFH)

JOSEPH NOETH, Superintendent,

        Respondent.

---

APPEARANCES:                                                   OF COUNSEL:

SHAWNDELL EVERSON
Petitioner, pro se
11-B-0700
Attica Correctional Facility
Box 149
Attica, NY 14011

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

     Pro se petitioner Shawndell Everson ("Everson" or "petitioner") seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1]

     On January 24, 2020, this action was administratively closed due to Everson's failure to properly commence the case by either paying the statutory filing fee or filing a properly certified IFP application. Dkt. No. 2, Administrative Closure Order.

     On February 10, 2020, the Court received from Everson the statutory filing fee and

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

reopened this action. Dkt. Entry dated 02/10/20 (indicating receipt information for the filing fee transaction); Dkt. No. 3, Text Order Reopening Case.

After an initial review, the Court ordered Everson to file a written affirmation clarifying the procedural posture of any pending state court actions. Dkt. No. 4, Decision and Order dated 02/13/20 ("February Order"). Petitioner timely filed said affirmation. Dkt. No. 5, Affirmation ("Aff.").

For the reasons that follow, Everson's petition is dismissed without prejudice as premature, but with leave to re-file once petitioner's claims have been fully exhausted and the state court proceedings have concluded.

## II. **THE PETITION**

Everson challenges a 2011 judgment of conviction in Onondaga County, upon a jury verdict, of two counts of first degree robbery, one count of first degree burglary, fourth degree conspiracy, and various other charges related to the possession or sale of guns and drugs. Pet. at 1-2; *People v. Everson*, 158 A.D.3d 1119, 1120 (4th Dep't 2018).

The New York State Supreme Court, Appellate Division, Fourth Department, affirmed the judgment of conviction, and ultimately, on July 31, 2018, the New York Court of Appeals denied leave to appeal.[2] Pet. at 2-4; *see also, Everson*, 158 A.D.3d at 1123, *reargument denied*, 160 A.D.3d 1506 (4th Dep't 2018), *lv. denied,* 31 N.Y.3d 1081 (2018), *reconsideration denied* 31 N.Y.3d 1147 (2018).

Everson applied for a writ of certiorari which, on February 25, 2019, the United States

---

[2] The Fourth Department consolidated petitioner's first motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440 ("440 motion") with his direct appeal; accordingly, both motions were denied in the same decision. *See People v. Everson*, 158 A.D.3d 1123, 1123 (4th Dep't 2018) (explaining that petitioner's 440 motion was subsumed into the analysis and holding of *Everson*, 158 A.D.2d 1123).

2

Supreme Court denied.  *Everson v. New York*, 139 S. Ct. 1269 (2019).

Everson also contends that on June 14, 2014, he filed a 440 motion in Onondaga County Court. Pet. at 4. On October 4, 2015, the County Court denied the motion. *Id.* Petitioner sought leave to reargue and, on April 30, 2018, the Fourth Department denied his application. *Id.* at 5. Petitioner sought reconsideration from the Court of Appeals, which was denied on May 31, 3018. *Id.*

Everson's affirmation clarified that on December 19, 2019, he filed his second 440 motion in Onondaga County Court for ineffective assistance of counsel. Aff. at 1. On January 9, 2020, petitioner received acknowledgment from the county court that his motion was received and the court set a response date for the People. *Id.* at 1, 3. The second 440 motion is still pending. *Id.*; Pet. at 22-24.

Liberally construing the petition, Everson contends that he is entitled to federal habeas relief because (1) he was subjected to a "[p]attern of Sixth Amendment Public Trial Infringments," whereby, on five instances, individuals were unlawfully ejected or precluded from entering the courtroom (Pet. at 6-9); (2) his trial counsel was constitutionally ineffective (*id.* at 9-11, 22-23); (3) there was judicial bias (*id.* at 11-14); (4) petitioner experienced "[d]eprivation of counsel of [his] choice [and r]easonable adjournment" (*id.* at 14-16); (5) petitioner's indictments were defective and, therefore, the court lacked jurisdiction over his case (*id.* at 17-19); (6) there was prosecutorial misconduct (*id.* at 19-20); and (7) Counts 17-19 were not supported by legally sufficient evidence (*id.* at 20-22). For a complete statement of petitioner's claims, reference is made to the petition.

## IV. **DISCUSSION**

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(I), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, it is clear that Everson has not yet exhausted his state court remedies because petitioner asserts that his properly filed 440 motion is currently pending. Aff. at 1, 3; Pet. at 22-24. This 440 motion presents his claim of ineffective assistance of counsel, which he is also bringing in his habeas petition, to the state courts. Aff. at 1; Pet. at 9-11, 22-23.

Accordingly, the highest state court capable of reviewing Everson's claims has not yet had the opportunity to do so. *See Brown v. Ercole*, No. 1:07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued

4

its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.").

There is no basis on the record before this Court to conclude that there is an absence of available state corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).

Just the opposite: Everson has state court remedies available to him, and is in the process of exhausting those remedies by pursuing his collateral 440 motion. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition, especially given the content of the pending 440 motion.

While Everson's papers do not reflect his awareness that his petition was filed prematurely as a protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is denied.

The Supreme Court has stated, in dicta, that a habeas petitioner "might avoid" the application of the statute of limitations resulting from "reasonable confusion" about the timeliness of a state filling "by filing a 'protective' petition in federal court and asking the federal court to stay and abey" the habeas proceedings. *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") (internal quotation marks omitted).

However, *"Pace* suggests that whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S.

5

269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

Here, Everson has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Petitioner does not appear to have any difficulty navigating through the state court for a direct appeal or various collateral attacks. Pet. at 2-4, 22-23; Aff. Moreover, petitioner has not demonstrated any difficulties pursuing the present habeas petition in this Court. Accordingly, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after Everson's claims are exhausted in state court, will be jeopardized by the statute of limitations. The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A).

Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations

6

period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.³

The Fourth Department affirmed Everson's conviction on direct appeal, and the New York Court of Appeals eventually denied petitioner's application for leave to appeal on May 8, 2018. *Everson*, 158 A.D.3d at 1123, *reargument denied*, 160 A.D.3d 1506 (4th Dep't 2018), *lv. denied,* 31 N.Y.3d 1081 (2018), *reconsideration denied* 31 N.Y.3d 1147 (2018).

Everson's application for a writ of certiorari was subsequently denied on February 25, 2019, *Everson v. New York*, 139 S. Ct. 1269 (2019), the date which his conviction became final. *Thaler*, 565 U.S. at 149-150. Petitioner therefore has until February 25, 2020 to timely file a federal habeas petition.

On December 19, 2019, after 297 days of the statute of limitations period had elapsed, petitioner filed his second 440 motion. Aff. at 1. If said motion is, as petitioner represents, properly filed, then it will serve to toll the limitations period. Accordingly, it appears that, at a minimum, petitioner has approximately sixty-eight days left before the statute of limitations expires after the conclusion of petitioner's 440 motion. Therefore, petitioner should promptly re-file his petition when he has completed exhausting his claims in state court, as he appears to have adequate time in which to do so.

Based on the foregoing, the petition is premature and is dismissed without prejudice to

---

³ The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

7

re-filing one complete petition once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order).[4]

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. The petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies;

2. No certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[5] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and

3. The Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: February 27, 2020
       Utica, New York.

United States District Judge

---

[4] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

8